**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ANTHONY RODRIGUEZ-HORVATH,<br>    *Plaintiff*,<br><br>      v.<br><br>LT. BARD, C/O CHACON, C/O HAYES,<br>C/O ORCUTT,<br>    *Defendants*. | No. 3:26-cv-781 (OAW) |

### INITIAL REVIEW ORDER

The self-represented plaintiff, Anthony Rodriguez-Horvath, is a sentenced inmate housed at New Haven Correctional Center ("NHCC").  ECF No. 1.[1]  Plaintiff brings claims of Eighth Amendment violation against Lieutenant Bard and Correction Officers Chacon, Hayes, and Orcutt.  Plaintiff seeks only damages.[2]

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity, or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Upon review, the court must dismiss the complaint, or any portion of the complaint, which is frivolous or malicious, which fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from it.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  In accordance with statute, the court has conducted an initial review of the complaint.

---

[1] The court may take judicial notice of relevant matters of public record."  *Sanchez v. RN Debbie*, 2018 WL 5314916, at *2 (D. Conn. Oct. 26, 2018) (citing *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012)). The publicly-available DOC website shows Plaintiff was sentenced on August 28, 2024, and has a release date of August 27, 2026. *See* Department of Correction: Inmate Information, available at https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=418299 (last visited Aug. 6, 2026).
[2] Thus, the court construes Plaintiff's complaint to sue defendants in their individual capacities only because any official-capacity claim for damages is barred by the Eleventh Amendment.  *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

1

I.    **ALLEGATIONS**[3]

The court does not include herein all of the allegations from the complaint but summarizes the facts to provide context for this review.

On the morning of December 14, 2025, while handcuffed behind his back and returning from outdoor recreation, Plaintiff slipped and fell on black ice, causing him to lose consciousness.  Plaintiff maintains that DOC officers failed to conduct a morning tour to ensure the walkways were cleared of snow and ice, as required under DOC policy.

Plaintiff regained his consciousness as Officers Chacon and Orcutt lifted him to his feet.  He felt dizzy and had pain in his head, neck, and foot.  He several times asked to see medical staff, but Officers Chacon, Hayes, and Orcutt repeatedly refused his request.  When he saw Lieutenant Bard during his noon supervisory tour, Plaintiff made another request to see medical staff.  Lieutenant Bard promised to come back but he never returned.  Plaintiff did not receive medical care until eight hours later, when he finally was transported to an emergency room for treatment.[4]

II.    **DISCUSSION**

Section 1983 "provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law."  *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999).  Plaintiff maintains that Defendants Bard, Chacon, Hayes, and Orcutt acted with

---

[3] All factual allegations are drawn from the complaint and are considered to be true for this review.

[4] Plaintiff also alleges that although the emergency room doctor contacted the prison doctor and reported concerns about the delay in Plaintiff's treatment, the prison doctor did not follow up with Plaintiff about his injuries until March 11, 2026.  But the prison doctor is not a named defendant in this case, and so this fact appears irrelevant.

2

deliberate indifference to his need for medical treatment after his fall.[5]

The Eighth Amendment protects against "cruel and unusual punishments," U.S. Const. amend VIII, including punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia,* 428 U.S. 153, 173, (1976). "The Eighth Amendment also applies to prison officials when they provide medical care to inmates." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). "To establish an unconstitutional denial of medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Id.* (quoting *Estelle v. Gamble,* 429 U.S. 97, 104(1976)).

To state a cognizable claim for deliberate indifference to serious medical needs under the Eighth Amendment, Plaintiff must first allege facts showing that his medical need was "sufficiently serious." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003); *Hathaway*, 99 F.3d at 553. "In determining whether a medical need is sufficiently serious to be cognizable as a basis for a constitutional claim for deprivation of medical care, [the court] consider[s] factors such as whether a reasonable doctor or patient would find the injury important and worthy of treatment, whether the medical condition significantly affects an individual's daily activities, and whether the illness or

---

[5] The court has considered whether Plaintiff plausibly states a § 1983 claim based upon the alleged failure of officers to clear the walkways of ice, but finds that even if weather-related conditions could be the basis for a § 1983 claim, this failure is too de minimis to implicate constitutional protections. *See, e.g., Riddick v. Arnone*, No. 3:11CV631 SRU, 2012 WL 2716355, at *5 (D. Conn. July 9, 2012) (finding the withholding of outdoor recreation for several days to be de minimus, and thus not a constitutional violation); *Davis v. Chapdelaine*, No. 3:16-CV-268 (VLB), 2017 WL 3222531, at *4 (D. Conn. July 28, 2017) (finding de minimus injuries insufficient to support a failure-to-protect claim); *Vigliotti v. Daly*, No. 9:05CV1320GTS/DEP, 2008 WL 5423453, at *3 (N.D.N.Y. Dec. 30, 2008) (finding a brief period of confinement in an unventilated, recently-painted cell insufficient to state an Eighth Amendment claim).

injury inflicts chronic and substantial pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019). "In most cases, the actual medical consequences that flow from the denial of care are highly relevant in determining whether the denial of treatment subjected the detainee to a significant risk of serious harm." *Id.*

Plaintiff also must allege facts showing that the defendants were deliberately indifferent to his serious medical needs. The defendants must "appreciate the risk to which a prisoner was subjected," and have a "subjective awareness of the harmfulness associated with those conditions." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017); *see also Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Deliberate indifference is a mental state equivalent to subjective recklessness," and it "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate ham will result." (quotation marks omitted)). Thus, "mere negligence" is insufficient to state a claim for deliberate indifference. *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013). "Delayed treatment, even absent 'arbitrary and burdensome procedures,' may be sufficient to establish deliberate indifference." *Barfield v. Semple*, No. 3:18-CV-1198 (MPS), 2019 WL 3680331, at *11 (D. Conn. Aug. 6, 2019) (citing *Hathaway*, 37 F.3d at 67 (2d Cir. 1994) (noting that a finding of deliberate indifference is possible where there is a "delay of over two years between the discovery of the [medical issue] and the time [the doctor] asked that [Plaintiff] be re-evaluated for surgery"); *Harrison*, 219 F.3d at 138 ("District courts in this Circuit have ruled that a one-year delay in treating a cavity can evidence deliberate indifference on the part of prison officials.")).

In addition, a plaintiff seeking monetary damages from a defendant—as in this case—must allege facts that establish the personal involvement of that defendant in the

4

alleged constitutional violation.  *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991)).  This is true with respect to supervisory officials as well.  *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) ("To hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability.").

Plaintiff alleges he suffered a head injury and had difficulty moving due to his pain.  At this early stage in the matter, Plaintiff sufficiently alleges that he sustained serious injuries which warranted medical attention.  Accordingly, Plaintiff's complaint satisfies the objective element of the Eighth Amendment analysis.

As for the subjective element, Plaintiff's alleged facts reflect that Officers Chacon, Orcutt, and Hayes were aware of Plaintiff's serious need for medical treatment, but failed to take any remedial action until many hours after his fall.  For purposes of initial review, these allegations are sufficient to support a claim that these defendants acted with deliberate indifference to Plaintiff's serious need for timely medical attention after his fall.  Accordingly, Plaintiff may proceed with his Eighth Amendment claims for damages against Officers Chacon, Orcutt, and Hayes.

But as to Lieutenant Bard, Plaintiff only alleges that he failed to return after Plaintiff requested to see medical staff.  This is not enough to suggest that Lieutenant Bard failed to take any remedial measures after Plaintiff made him aware of his serious need for medical care.  While the court must construe the alleged facts in the light most favorable

5

to Plaintiff, the court is not free to speculate about unpleaded facts that might be favorable to him.  *See Darby v. Greenman*, 14 F.4th 124, 130 n. 6 (2d Cir. 2021) ("While we construe pleaded facts in the light most favorable to the plaintiff, we can draw inferences based only on the facts actually alleged, and we are not free to speculate about unpleaded facts that might be favorable to the plaintiff.").   Accordingly, the court must dismiss any Eighth Amendment claim against Lieutenant Bard.

III.    <u>**ORDERS**</u>

The court enters the following orders:

1. This action may proceed on Plaintiff's claims of an Eighth Amendment violation against Defendants Chacon, Orcutt, and Hayes.

2. All other claims are dismissed as implausible.

3. The Clerk of Court is asked to please terminate Lieutenant Bard as a defendant in this action.

4. Plaintiff may amend the complaint on or before **September 24, 2026.  An amended complaint, if filed, will completely replace the complaint; the court will not consider any allegations from the original complaint in evaluating an amended complaint.**  The court will review any amended complaint to determine whether it may proceed to service of process.

5. If Plaintiff wishes to proceed only on the claims noted above, he may file a notice on the docket saying so, at which point the case immediately will proceed to service. If nothing is filed on the docket by **September 24, 2026,** the court will presume Plaintiff wishes to proceed only on these claims.

6. **If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1 provides that he MUST notify the court.** Failure to do so can result in dismissal of the case.  This is of particular importance in that the Department of Correction website notes that Plaintiff's maximum release date is August 27, 2026.  But Plaintiff must give notice of a new address even if he remains incarcerated.  He should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all of his case numbers in the notification of change of address.  He also should notify Defendant or defense counsel of his new address.

7. Plaintiff shall utilize the Prisoner Electronic Filing Program when filing documents with the court.  Plaintiff is advised that the Program may be used only to file documents with the court.  Under local court rules, discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on Defendant's counsel by regular mail.

**IT IS SO ORDERED** at Hartford, Connecticut, this 6th  day of August, 2026.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE

7